1

**Marvin C. Ruth (024220)**
COPPERSMITH BROCKELMAN PLC

2

2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

3

Telephone: (602) 381-5462
Facsimile: (602) 224-6020

4

Email: mruth@cblawyers.com

5

*Attorneys for Defendants*

6

*Resurgent Capital Services LP,*
*LVNV Funding LLC and*

7

*Johnson Mark LLC*

8

9

### UNITED STATES DISTRICT COURT

10

### DISTRICT OF ARIZONA

11

12

Benjamin L. Thompson,

13

                Plaintiff,

14

  v.

15

Resurgent Capital Services LP, LVNV

16

Funding LLC and Johnson Mark LLC,

17

              Defendants.

18

No. 4:22-cv-00205-SHR

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

19

      Defendants Resurgent Capital Services LP, LVNV Funding, LLC and Johnson Mark

20

LLC (collectively, "Defendants") will, and hereby do, move for an order dismissing with

21

prejudice Plaintiff Benjamin L. Thompson's ("Plaintiff") Complaint pursuant to Rule

22

12(b)(6) of the Federal Rules of Civil Procedure.

23

      Both of Plaintiff's claims—for violation of (1) the Fair Debt Collection Practices

24

Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and (2) Regulation F, 12 C.F.R. § 1006, *et seq.*

25

("Regulation F")—fail as a matter of law.  Specifically, Plaintiff's FDCPA claim fails

26

because he has not alleged any cognizable violation of the statute, and his Regulation F claim fails because it is not an independent cause of action.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and any other argument or evidence that may be presented in support of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 12(c) which took place on June 9, 2022.

RESPECTFULLY SUBMITTED this 14th day of June, 2022.

**COPPERSMITH BROCKELMAN PLC**

By /s/Marvin C. Ruth
       Marvin C. Ruth
       *Attorneys for Defendants*
       *Resurgent Capital Services LP,*
       *LVNV Funding LLC and*
       *Johnson Mark LLC*

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.    INTRODUCTION

3        Plaintiff Benjamin L. Thompson ("Plaintiff") has not alleged any cognizable

4   violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") or

5   its implementing Regulation F, 12 C.F.R. § 1006, *et seq.* ("Regulation F") against

6   Defendants.[1]  Specifically, Plaintiff bases his FDCPA claims on two broad allegations: (1)

7   that in "March 2022" he received two letters "attempting to collect a past due balance" on a

8   credit card account that did not belong to him (Cmplt., ¶¶ 10, 12); and (2) that Defendants

9   subsequently credit reported the "disputed" debt to the credit bureaus (*Id.*, ¶¶ 20-21).  As to

10  the letters, Plaintiff has failed to allege that either one was sent *after* he informed

11  Defendants that the subject debt was not his.  To the contrary, it appears from the Complaint

12  that these letters were simply initial communications, and that Plaintiff was not misled in

13  any way by their contents.  The fact that Plaintiff alleges identity theft has no bearing on the

14  truth or falsity of the letters' contents under the FDCPA.

15       Similarly, the credit reporting that Plaintiff alleges is not typically the proper subject

16  of an FDCPA claim, but rather of a claim under the Fair Credit Reporting Act, § 1681, *et*

17  *seq.* ("FCRA").  Moreover, Plaintiff admits that Defendants correctly marked the debt as

18  "disputed," which Trans Union and Equifax reported.  *See* Cmplt., ¶ 21.  Given this

19  admission, Plaintiff's allegation that Experian alone did not report the debt as "disputed"

20  (Cmplt., ¶ 21) fails to create an inference that Defendants are at fault.

21       Finally, Regulation F is an implementing regulation that contains additional detail on

22  the acts that constitute violations of the FDCPA.  There is no private right of action under

23

24  ────────────

25  [1] Defendants are Resurgent Capital Services LP ("Resurgent"), LVNV Funding, LLC ("LVNV") and Johnson Mark LLC ("Johnson Mark") (collectively, "Defendants").

26  Plaintiff has organized his two claims (for violation of the FDCPA and Regulation F) into six "counts," asserting the two claims separately against each of the three Defendants.

Regulation F.  Instead, the regulation depends on the FDCPA itself.  Accordingly, Plaintiff's Regulation F claims fails to assert any independent claim against Defendants and should be dismissed without leave to amend on this basis.

Thus, Defendants respectfully request that all of Plaintiff's counts against them be dismissed for failure to state a claim.

## II.    THE ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that "[i]n or around March 2022," he received a letter from Resurgent "attempting to collect a past due balance on a Credit One Bank" credit card owned by LVNV.  Cmplt., ¶ 10.  Plaintiff further alleges that "on or around March 26, 2022," he received a second letter "attempting to collect" the same debt from Johnson Mark.  *Id.*, ¶ 12.  Plaintiff claims that both letters "confused" him.  *Id.*, ¶¶ 11, 13.

In response to the letters, "[s]ometime prior to March 28, 2022," Plaintiff called Resurgent and claimed that the debt "did not belong to him."  Cmplt., ¶¶ 14-15.  In response, Resurgent sent Plaintiff a letter requesting that he provide additional documentation to support a fraud investigation, such as a police report or identity theft affidavit.  *Id.*, ¶¶ 18-19.  There is no indication in the Complaint that Plaintiff ever did so.  Regardless, there were no subsequent collection communications from Defendants alleged by Plaintiff.

Plaintiff admits that when the debt began reporting, it was properly marked as "disputed" by LVNV and duly reported as "disputed" by Trans Union and Equifax.  *Id.*, ¶ 21.  However, Plaintiff complains that Experian failed to report the dispute.  *Id.*  Plaintiff alleges that the debt reporting "has negatively affected Plaintiff's credibility as a consumer" and caused him "fear" of "negative repercussions that could occur from the negative reporting."  *Id.*, ¶¶ 23-24.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## III.    LEGAL ARGUMENT

### A.    Standard on a 12(b)(6) Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 56-57 (2007) (internal citations omitted).

Here, given Plaintiff's conclusory allegations, he has failed to state any claim for relief that is plausible on its face.

///

1

2

**B.      Plaintiff's FDCPA Claims Fail Because Plaintiff Has Alleged No Material Misrepresentation Made in the Two Letters He Received in March 2022**

3      The general purpose of the FDCPA is "to eliminate abusive debt collection practices

4 by debt collectors."  15 U.S.C. § 1692(e).  Thus, for example, the FDCPA contains

5 provisions prohibiting harassment, as well as "any false, deceptive, or misleading

6 representation" in connection with the collection of a debt.  *See id.* §§ 1692d, 1692e.  Here,

7 Plaintiff alleges in conclusory fashion that the two letters he received in March 2022

8 "falsely misrepresented the character, amount or legal status of the alleged debt" in violation

9 of § 1692e of the FDCPA (Cmplt., ¶¶ 39; 65; 91) and constituted "unfair and

10 unconscionable means to collect the subject debt" in violation of § 1692f of the FDCPA

11 (Cmplt., ¶¶ 45; 71; 97).

12      However, Plaintiff fails to identify anything in these letters that was purportedly

13 false, misleading, or deceptive—aside from the fact that Plaintiff believed the debt was not

14 his and that he was a victim of identity theft.  *See* Cmplt., ¶¶ 10-25.  As several district

15 courts in this circuit have recognized, identify theft allegations alone do not render the

16 contents of collection letters false within the meaning of the FDCPA.  *See Valdez v. Action*

17 *Financial Services, LLC*, No. 320CV00015LRHCLB, 2021 WL 5108755, at *6 (D. Nev.

18 Aug. 3, 2021) ("Just because Valdez alleges identity theft does not render Action

19 Financial's representations of the debt's legal status false.  If that were the case, any

20 consumer could allege identity theft and successfully sue the debt collector for a violation of

21 Section 1692e(2)(A)."); *Opico v. Convergent Outsourcing, Inc.*, No. C18-1579RSL, 2021

22 WL 1611505, at *10 (W.D. Wash. Apr. 26, 2021) ("The Court fails to see how merely

23 contacting an individual whose name matches the account holder about the account debt,

24 notifying the individual about the process for disputing the validity, and providing the

25 individual with § 1692g verification in response to the individual's request, could qualify as

26 'unfair or unconscionable means' in this case.").  Far from misleading Plaintiff, the

allegations demonstrate that the letters were initial communications authorized under the FDCPA containing statutorily required disclosures.  *See Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) ("Collection notices that include the [FDCPA's] verbatim language have been held not to be confusing."); *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 484 (7th Cir.1997) (holding that a collection notice that uses the exact statutory language will not be considered false, misleading, or deceptive).

Moreover, in the Ninth Circuit, a false or misleading representation is not actionable under the FDCPA unless it is "material."  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("False but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§ 1692e].").  The law is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."  *Id.* at 1034.  The FDCPA protects a consumer's right to "understand, make informed decisions about, and participate fully and meaningfully in the debt collection process."  *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006).  "Even though these rights necessarily involve the dissemination of information, they are not thereby tantamount to a right to information per se."  *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1259 (9th Cir. 2010).  "Material false representations ... are those that could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'"  *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774 (9th Cir. 2017) (quoting *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014)).

Here, although Plaintiff claims vaguely that he was "confused" by the two letters he received in March 2022 (Cmplt., ¶¶ 11, 13), he knew immediately that the debt did not belong to him and called Resurgent to explain that he had been the victim of identity theft (Cmplt., ¶ 15).  Defendants responded by requesting that Plaintiff submit a fraud affidavit

(which he evidently never did) and by marking the account as "disputed."  Cmplt., ¶¶ 17, 21.  Plaintiff was obviously not disadvantaged in charting a course of action in response to Defendants' collection effort.  He disavowed the debt and was never "confused" into believing that he owed or must pay it.  To the contrary, he was given specific instructions to address the identity theft assertion. Moreover, the Complaint is devoid of any allegation that Defendants sent him additional letters attempting to collect the debt *after* he informed them that be believed the debt did not belong to him.  Thus, the two letters Plaintiff received in March 2022 do not, as a matter of law, support his FDCPA claim.

Accordingly, Plaintiff's FDCPA claim should be dismissed as to all three Defendants on this basis.

### C. Plaintiff's FDCPA Claims Fail Because Credit Reporting Is Not Actionable under the FDCPA and Defendants Correctly Reported the Debt as "Disputed"

In addition to the "confusing" March 2022 letters, Plaintiff further alleges that Defendants' credit reporting of the debt violated §§ 1692e and 1692f of the FDCPA.  *See, e.g.,* Cmplt., ¶¶ 39-41; 46.  Plaintiff asserts that the credit reporting itself was a "false representation" simply because he disputes the debt, even though he concedes that Defendants correctly reported the debt as "disputed"—as confirmed by Trans Union and Equifax.  *See* Cmplt., ¶¶ 20-21.  Plaintiff's assertion fails for three interrelated reasons.

First, credit reporting "which is known, or which should be known to be false" (15 U.S.C. 1692e(8)) is not the proper subject of an FDCPA claim.  *See Horvath v. Premium Collection Servs., Inc.*, No. CV-09-2516PHX-GMS, 2010 WL 1945717, at *3 (D. Ariz. May 13, 2010) ("To the extent that the Amended Complaint can be read to imply that PCS's communications with credit reporting agencies were false or inaccurate, this cannot serve as the basis for his claim because the FCRA specifically precludes private parties from bringing claims under § 1681 s–2(a).  Mr. Horvath cannot circumvent the FCRA by raising his claim pursuant to the FDCPA."); *Drake v. Enhanced Recovery Co., LLC*, No. 6:15-CV-

-8-

01899, 2018 WL 1402586, at *3 (D. Or. Mar. 19, 2018) (holding that "the reporting of the Account to the CRAs was not in connection to the collection of the Account" and thus could not be the basis for an FDCPA claim because "[t]he recipient of the alleged 'false, deceptive, or misleading representation' was not the debtor, but rather, the CRAs.").

Second, as in *Drake*, the reporting of Plaintiff's debt as "disputed" to the CRAs was "in fact true." *Drake,* 2018 WL 1402586, at *3. Plaintiff admits that on or about March 28, 2022, he called Resurgent to dispute the debt "explaining that the subject debt did not belong to him as he has never received services from Credit One Bank N.A." Cmplt., ¶¶ 14-15. Plaintiff further admits that LVNV duly reported the debt as "disputed" to the CRAs. Cmplt., ¶¶ 20-21. The fact that only Experian allegedly omitted the dispute from its reporting does not support an inference that Defendants failed to convey to Experian that the debt was "disputed," but rather that Experian itself misreported the debt as undisputed, contrary to what LVNV conveyed.

Finally, as in *Drake*, the reporting of the debt to the CRAs "did not seemingly frustrate plaintiff's ability to choose his response." *Drake,* 2018 WL 1402586, at *3. Here, as in *Drake*, Plaintiff "successfully disputed the debt" and continues to dispute it. *Id.* (granting summary judgment in favor of defendant on plaintiff's FDCPA claim). *See* Cmplt., ¶¶ 15, 20-21.

Thus, because the reporting of Plaintiff's disputed debt does support his FDCPA claim, the claim should be dismissed as to all three Defendants on this additional basis.

**D.    Plaintiff's Regulation F Claims Fail Because There Is No Private Right of Action to Bring Claims Directly under the Regulation, Independent of the FDCPA**

Regulation F of the FDCPA, codified at 12 C.F.R. 1006, *et seq.,* is the FDCPA's implementing regulation, which "carries out the purposes of the FDCPA." 12 C.F.R. § 1006.1(b). Many of the provision of Regulation F parallel or quote the text of the FDCPA itself. *Cf.* 12 C.F.R. § 1006.18(b)(2) (prohibiting a debt collector from falsely representing

1  "[t]he character, amount, or legal status of any debt"); 15 U.S.C. § 1692e(2)(a) (prohibiting

2  a debt collector from falsely representing "the character, amount, or legal status of any

3  debt").

4         Here, Plaintiff claims that Defendants violated Regulation F by "misrepresenting

5  Plaintiff's legal obligation to pay the subject debt." Cmplt., ¶¶ 54, 80, 106. This claim fails

6  first and foremost because Regulation F contains no private right of action; instead,

7  plaintiffs must bring claims under the FDCPA. *See Doss v. Citizens Sav. & Tr. Co.*, No.

8  3:19-0265, 2020 WL 9935823, at *4 (M.D. Tenn. Jan. 3, 2020), report and recommendation

9  adopted sub nom. *Doss v. Citizens Sav. & Tr. Co.*, No. 3:19-CV-00265, 2020 WL 9935828

10 (M.D. Tenn. Feb. 26, 2020) (dismissing with prejudice claim brought directly under

11 Regulation F because it does not "provide for a private cause of action.").

12        Moreover, aside from Plaintiff's unsubstantiated claim that he does not owe the

13 subject debt, there is no indication in the Complaint that Defendants falsely represented its

14 "character, amount, or legal status." Plaintiff fails to identify anything in the March 2022

15 letters or the credit reporting that would violate either Regulation F or the FDCPA. As

16 discussed above, courts in this circuit have roundly rejected the argument that a plaintiff

17 may state a violation of the FDCPA merely by claiming identity theft. *See Valdez,* 2021

18 WL 5108755, at *6 (claim of identity theft insufficient to support FDCPA claim); *Opico*,

19 2021 WL 1611505, at *10 (W.D. Wash. Apr. 26, 2021) (same). Finally, Plaintiff cannot

20 meet the Ninth Circuit materiality test because he was not misled regarding the debt, but

21 instead made an informed decision to dispute it. *See* Cmplt., ¶ 15. Thus, Plaintiff has

22 identified no material violation sufficient to support his Regulation F claim, since nothing in

23 the letters or reporting could possibly mislead the least sophisticated debtor.

24        Accordingly, Plaintiff's Regulation F claim should be dismissed as to all Defendants.

25 ///

26 ///

1

**E.      Plaintiff's Claims Should Be Dismissed without Leave to Amend**

2

While a court should grant leave to amend "when justice so requires," leave is

3

"properly denied … if amendment would be futile."  *Carrico v. City and Cnty. of San*

4

*Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citations and internal quotation marks

5

omitted).

6

Here, Plaintiff has not identified—and cannot identify—any material

7

misrepresentation relating to the debt at issue.  The March 2022 letters complied with the

8

FDCPA, even given Plaintiff's identify theft allegations.  Similarly, the reporting of the debt

9

as "disputed" by LVNV was accurate.  And finally, Regulation F cannot support any

10

independent claims, because it contains no private right of action.  Accordingly, Plaintiff's

11

Complaint should be dismissed without leave to amend.

12

**IV.     CONCLUSION**

13

For all the foregoing reasons, the Court should grant Defendants' Motion to Dismiss

14

Plaintiff's Complaint with prejudice.

15

RESPECTFULLY SUBMITTED this 14th day of June, 2022.

16

**COPPERSMITH BROCKELMAN PLC**

17

18

By */s/Marvin C. Ruth*
        Marvin C. Ruth

19

20

*Attorneys for Defendants*
*Resurgent Capital Services LP,*
*LVNV Funding LLC and*
*Johnson Mark LLC*

21

22

23

24

25

26

-11-